IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–mc–00077–MSK–KMT

WOBBEN PROPERTIES, GmbH,

    Plaintiff,

v.

SIEMENS ENERGY, INC.,

    Defendant.

## ORDER

This matter is before the court on Applicant Wobben Properties GmbH's *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (Doc. No. 1 [Application], filed May 7, 2014) and the Request to Supplement Exhibit C with Subpoenas *Ad Testificandum* to the Application (Doc. No. 13 [Request to Supplement], filed May 28, 2014).

### INTRODUCTION

Applicant Wobben Properties GmbH ("Wobben") states there currently is a civil case pending before the Düsseldorf District Court in Germany styled *Wobben Properties GmbH v. Siemens AG* ("the Germany Litigation"). In that case, Wobben alleges it is the owner of a patent related to wind turbine technology and that Siemens AG has infringed that patent. (*Id.* at 4.) An oral hearing is scheduled in the Germany Litigation for October 16, 2014. (*Id.*) Wobben believes that Siemens Energy, Inc., Wind Turbine R&D Center in Boulder, Colorado ("Siemens Energy") possesses information that is relevant to the Germany Litigation. (*Id.* at 4–5.)

Accordingly, Wobben seeks authority from this Court pursuant to 28 U.S.C. § 1782(a) to issue subpoenas to Siemens Energy that seek production of documents and testimony.  (*Id.* at 1 & 12–13; *see* Doc. Nos. 1-3 and 13-1.)  It also asks the Court to allow it to serve additional subpoenas as necessary.  (Doc. No. 1 at 13.)

## ANALYSIS

Section 1782(a) of Title 28 of the United States Code provides, in pertinent part, that the "district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."  These statutory requirements are met when "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person."  *In re Perez Pallares*, No. 10–cv–02528–PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 20, 2010) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004)).

Whether to permit the requested discovery remains within the discretion of the Court, even if all of the statutory requirements are met.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004).  Discovery rules in foreign tribunals bear no impact on the provision of assistance under § 1782, and of course, "the foreign tribunal can place conditions on its acceptance of the information to maintain whatever measure of parity it concludes is appropriate."  *Intel Corp.*, 542 U.S. at 260–62.  The Supreme Court enumerated factors for a court to consider when deciding whether to permit discovery pursuant to § 1782: (1) whether the

party from whom discovery is sought is a participant in a foreign proceeding, or already subject to the jurisdiction of the foreign tribunal; (2) the nature and character of the foreign proceedings; (3) the receptivity of the foreign tribunal to such judicial assistance; (4) whether the request is an attempt to circumvent foreign discovery restrictions; and (5) whether the request is unduly intrusive or burdensome. *In re Application of Michael Wilson & Partners, Ltd.*, No. 06–cv–02575–MSK–PAC (MEH), 2007 WL 2221438, at *3 (D. Colo. July 27, 2007) (citing *Intel Corp.*, 542 U.S. at 264–65).

Wobben argues that the statutory factors are met. As to the first factor, Wobben represents that the discovery respondents reside in or may be found in the District of Colorado. (Doc. No. 1 at 7, ¶ 1.) As to the second factor, Wobben represents that the Germany Litigation is currently pending in the Düsseldorf District Court in Germany. (*Id.* at 7–8, ¶ 2.) In addition, Wobben represents that the proposed subpoenas seek production of documents and testimony for use in the Germany Litigation. (*Id.*) As to the third factor, the U.S. Supreme Court has stated that a litigant in the foreign proceeding "may be the most common example of [] the 'interested person[s]' who may invoke § 1782." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). Wobben is a litigant in the Germany Litigation and, therefore, it is an interested person. Therefore, Wobben has established all four of the required statutory factors.

The court also determines that the discretionary considerations weigh in favor of permitting the discovery. Wobben represents that the discovery respondents are not parties to the Germany Litigation. (Doc. No. 1 at 10.) It further asserts that the court in the Germany Litigation does not have jurisdiction to compel the discovery respondents to produce documents or to compel its representatives to testify and that the only way it can obtain discovery from

Siemens Energy is pursuant to § 1782. (*Id.*) There is no indication that the Düsseldorf District Court would not be receptive to an order permitting Wobben to seek discovery from a nonparty in the United States. To the contrary, Wobben has submitted an affirmation under penalty of perjury from a German attorney, Rainer Böhm, in which Mr. Böhm avers that, based on his experience, the Düsseldorf District Court will accept evidence obtained through discovery pursuant to § 1782 at an upcoming hearing scheduled for October 2014. (Doc. No. 1-2, ¶¶ 22–24.) There also is no indication that there are any policies of Germany that Wobben is attempting to circumvent. Finally, the proposed subpoenas appear to be tailored to request documents regarding products that are at issue in the Germany Litigation.[1] Therefore, the five discretionary factors also support granting Wobben's request to issue the subpoena attached to its Application and the Request to Supplement.

The court will not, however, grant Wobben's request that it be allowed *carte blanche* to "issue and serve additional subpoenas (for testimony and/or production) as necessary." (Doc. No. 1 at 13.) Without an opportunity to review any such proposed subpoenas, the court cannot determine whether such requests would be "unduly intrusive or burdensome." That said, § 1782 provides that it does not "preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him." 28 U.S.C. § 1782(b). Accordingly, if Wobben seeks additional discovery from Siemens Energy beyond that embodied in the subpoenas attached to its Application and Request to Supplement, it

---

[1] The court cannot make a final determination as to whether the document requests embodied in the proposed subpoena are unduly burdensome at this time because Siemens Energy may wish to object to the subpoena. However, it appears that the proposed subpoena is not so intrusive or burdensome as to require that it not be issued.

4

may inquire whether Siemens Energy will voluntarily comply with any such additional requests. If, after conferring with counsel for Siemens Energy as required by D.C.COLO.LCivR 7.1(a), the parties cannot reach an agreement about the permissiveness of additional discovery, Wobben may file a motion explicitly requesting permission to engage in the additional discovery. Any such motion should not be filed *ex parte*, but, instead, should be served on Siemens Energy.

Wobben proposes to issue the subpoenas pursuant to Federal Rule of Civil Procedure 45 requiring production of the requested documents at the offices of its attorneys in Denver, Colorado. This proposed procedure would ensure that Siemens Energy and the other discovery respondents would have the right to object to the subpoenas, file motions to modify or quash the subpoenas, or to respond to a motion to compel. However, Wobben must give Siemens Energy and the other discovery respondents at least 21 days from the date of service of the subpoenas to produce the documents requested or to set dates for the depositions to occur after the 21-day period, to allow sufficient time for objections to be made and motions to be filed.

## CONCLUSION

Therefore, it is

**ORDERED** that Applicant Wobben Properties GmbH's *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (Doc. No. 1) and the Request to Supplement Exhibit C with Subpoenas *Ad Testificandum* to the Application (Doc. No. 13) are **GRANTED** in part and **DENIED** in part. Applicant Wobben Properties, GmbH, is authorized to issue the subpoena attached to its Application (Doc. No. 1-3) and the subpoenas attached to its Request to

Supplement (Doc. No. 13-1), pursuant to Federal Rule of Procedure 45 and the procedure outlined above.

Dated this 2nd day of June, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge