IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 1:14-mc-00077-MSK-KMT

In re Application of:

WOBBEN PROPERTIES GmbH,

Applicant.

**ORDER**

This matter is before the court on Respondent Siemens Energy, Inc.'s "Motion to Stay Wobben Properties Gmbh's Proceeding for Judicial Assistance Pursuant to 28 U.S.C. § 1782 with Incorporated Memorandum of Law" [Doc. No. 21] ("Mot. Stay"). Wobben filed a response on July 24, 2014 [Doc. No. 25], and SEI filed a Reply on September 2, 2014 [Doc. No. 29]. The court heard oral argument on October 6, 2014.

On May 7, 2014, Wobben filed identical *ex parte* Applications for Judicial Assistance pursuant to 28 USC § 1782 in this Court and in the Middle District of Florida (the "Florida proceeding"). The Florida proceeding was filed first on that date, and the parties have moved forward in Florida rather than in Colorado. As part of both initial *ex parte* Applications, both courts were presented with a 42 item request for documents.

The Florida court first considered the 42 item document request and rejected Wobbens' requests as "generalized to the point of vagueness." Wobben was thereafter required to reformulate its document production demands. As a result of Magistrate Baker's order in the Florida proceeding, Wobben withdrew all of its 42 requests for

production of documents and instead substituted 14 new document requests in the Florida proceeding. Meanwhile, the original 42 item request for production of documents remained part of the initial request for judicial assistance in the Colorado case without modification.

The Florida Magistrate Judge appointed Special Master Michael Gay to hear and determine all disputes with respect to Wobben's Application for Judicial Assistance and its revised and supplemental requests for production of documents. The Special Master in the Florida proceeding has had one or more hearings on the requests for documents from Wobben and has issued at least two Recommendations to the Magistrate Judge involving disputes concerning production of documents.

After a hearing with the Special Master on September 29, 2014, Mr. Justin Creaby's deposition was scheduled for October 7, 2014 in Denver, Colorado with the acquiescence of SEI. Additionally, the Special Master ruled at the hearing that the deposition of Scott Johnson – which was opposed by SEI – would also proceed in Denver on October 8, 2014. Both Mr. Creaby and Mr. Johnson are SEI employees located in Boulder, Colorado. The Special Master will be attending both depositions in person in Denver. (Joint Status Report [Doc. No. 33] at 2-3.)

The parties appeared for hearing in this case on October 6, 2014, one day before the depositions scheduled in Denver pursuant to the Florida Special Master's orders. Plaintiff argued that this Court should not stay the Colorado case, but rather should instead proceed to consider contested Requests for Production of Documents Nos. 11-15 and 19-23 contained in the original Schedule A to the *ex parte* Application for Judicial Assistance Pursuant to 28 USC § 1782 filed in Colorado ("Colorado RFPs") [Doc. No. 1-

3]. It is undisputed that Schedule A in this case is identical to Schedule A in the Florida proceeding and which was withdrawn by Wobbens after Judge Baker's findings that the document requests were unacceptably vague.

At the October 6 hearing, the parties concurred and agreed that the Special Master had made rulings in the case which affect both Colorado and Florida.[1] Plaintiff also admitted that had it desired, at any time, to have the Colorado RFPs considered by the Special Master it could have 1) maintained and not withdrawn those particular requests on Schedule A, or 2) submitted the Colorado RFPs as supplemental requests for documents tendered in Florida.[2] In fact, the parties do not dispute that should Plaintiff wish the Special Master to consider the Colorado RFPs in the Florida case, it could, even now, ask for that relief as part of the Florida proceeding. Indeed, the Plaintiff does not object to this court appointing Michael Gay as a Special Master to consider the Colorado RFPs in this Colorado action. In that case, regardless of the forum court appointing him, Special Master Gay would be the one to consider and rule upon the Colorado RFPs.

As a final consideration, the foreign litigation for which judicial assistance has been requested from both the Florida and Colorado courts is scheduled to commence trial on October 16, 2014.

Federal courts have recognized that, as courts of coordinate jurisdiction and equal rank, they must be careful to avoid interfering with each other's affairs in order "to avoid

---

[1] For instance, as noted, Mr. Johnson is appearing for deposition in Colorado as a result of the ruling of the Special Master in the Florida proceeding.

[2] Wobbens has filed three supplemental requests in the Florida case to date. The Special Master has ruled on the first fourteen supplemental requests, the second 6 supplemental requests are under consideration, and the third 4 supplemental requests were rejected by the Special Master.

the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Buzas Baseball, Inc. v. Bd. Of Regents of Univ. Sys. of Georgia*, 189 F.3d 477 (10th Cir. 1999) (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)); *see also Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009). To aid in achieving this goal, the "first-to-file" rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court. *See id.* In determining whether the first-to-file rule applies, a court examines three threshold factors: (1) the similarity of the issues; (2) the similarity of the parties; and (3) the chronology of the two actions. *See Animal Health Int'l., Inc. v. Livingston Enter., Inc.*, No. 12–cv–00369, 2012 WL 1439243, at *2 (D. Colo. Apr. 26, 2012). The second district court where a case is filed has the discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. *West LB AG, New York Branch v. DT Land Dev., LLC*, No. 09-CV-01931-REB-BNB, 2010 WL 2698297, *3 (D. Colo. June 25, 2010) (citing *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F.Supp.2d 1287, 1297 (D. Kan. 2010)).

The parties and the issues in both this proceeding and the Florida proceeding involve the same parties and the same issues. Florida is undisputedly the first filed case and the case has advanced in addressing all the issues in the judicial assistance matter.

It would be an extreme waste of judicial resources to go forward in this Colorado action while all matters are being fully and competently litigated and considered in the Florida proceeding. There is simply no logical reason to proceed in two different district courts. Further, since the Special Master can only issue Recommendations, if the

document requests are split between two separate courts, there will be two judicial officers who will review the Special Master's Recommendations. There is, therefore, a substantial danger of inconsistent rulings on review.

Having found that there is no benefit to be gained by proceeding in this case when all issues can be and are being litigated in the Florida proceeding, it is

**ORDERED** that Siemens Energy, Inc.'s "Motion to Stay Wobben Properties Gmbh's Proceeding for Judicial Assistance Pursuant to 28 U.S.C. § 1782 with Incorporated Memorandum of Law" [Doc. No. 21] is **GRANTED**. It is further

**ORDERED** that the parties shall file a status report with this court within ten days of the conclusion of the trial in the Germany foreign litigation addressing whether this court retains jurisdiction over any issues in the case and whether the matter should be dismissed.

Dated this 7th day of October, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge